CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
KEVIN YEH (CABN 314079)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
(415) 436-7063
kevin.yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VERONICA JUAREZ,<br><br>Defendant. | CASE NOS. 4:24-CR-00392-001 HSG<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: August 5, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

**INTRODUCTION**

Veronica Juarez pleaded guilty to Count One of the Indictment charging her with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C); Count Two of the Indictment charging her with distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii); and Count Four of the Indictment charging her with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).

Given her completion of the Leading Emerging Adults to Develop Success ("LEADS") program,

the government joins in U.S. Probation's recommendation that the Court sentence Juarez to time served; four years of supervised release; and a special assessment of $100.

**DISCUSSION**

**I. Juarez's Offense Conduct.**

The United States generally agrees with Probation's description of Juarez's offense conduct as set forth in the Presentence Report ("PSR"), ECF 119.

**II. Procedural History**

On July 11, 2024, a five-count indictment was filed against Juarez and two other defendants. The specific charges against her include conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count One); distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Count Two); and possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Count Four).

On February 19, 2025, Juarez pleaded guilty via plea agreement to all three counts and she was admitted into the LEADS program. Sentencing is set for August 5, 2026, before this Court.

**III. Sentencing Guidelines Calculation**

The government agrees with the offense-level calculation as set forth in the PSR:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(3) - At least 30,000 KG but less than 90,000 KG of Converted Drug Weight (14,898.86 net grams of methamphetamine and 927.24 net grams of heroin, or 30,724.96 KG of Converted Drug Weight), as modified by (a)(5): | 32 |
| b. | Acceptance of Responsibility: | -3 |
| c. | Minor Participant in Any Criminal Activity, U.S.S.G. § 3B1.2(b) | -2 |
| d. | Zero-Point Offender Reduction, U.S.S.G. § 4C1.1 | -2 |
| e. | Safety Valve, U.S.S.G. § 5C1.2 | -2 |
| f. | Adjusted Offense Level: | 23 |

The government also agrees with the PSR that Juarez's criminal history category is I. Offense Level 23 at CHC I yields a Guidelines range of 46 to 57 months.

**IV. Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should first calculate the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

**V. The Government's Recommended Sentence**

As noted in the PSR, Juarez has participated in the LEADS program since February 2025. She has been performing well on supervision and has taken productive steps towards her education and career. She has also participated in mental health treatment and completed all agreed-upon goals through the program. Given Juarez's successful completion of the LEADS program, and pursuant to the plea agreement, the government recommends that the Court sentence her to time served.

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence Juarez to time served, four years of supervised release, and a special assessment of $100.

DATED: July 30, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
MAYA KARWANDE
KEVIN YEH
Assistant United States Attorneys